UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WARNER DE LEON,

Plaintiff,

v.

COUNTY OF SAN DIEGO; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 3:16-cv-02507-BEN-JLB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Warner De Leon brings this action under 42 U.S.C. § 1983 for damages arising from an alleged car stop. Before the Court is Defendant County of San Diego's ("County") Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff fails to set forth sufficient facts on which to base his municipal liability claims, Defendant's Motion to Dismiss is **GRANTED** as to claims five and six. Furthermore, because Plaintiff has not identified a statute authorizing direct liability against the County, Defendant's motion to dismiss the state law claims is **GRANTED** to the extent those claims plead direct liability.

/ / /

/ / /

## II. BACKGROUND[1]

On June 6, 2016, San Diego County Sheriff's deputies pulled over Plaintiff's vehicle while he was driving on Highway 78. (Compl. ¶¶ 13-15). The Sheriff's deputies, Doe Defendants 1-25, drew their firearms on Plaintiff and ordered him out of his car. (*Id*. at ¶ 16). The deputies then handcuffed Plaintiff and placed him in one of their vehicles. (*Id*. at ¶ 19). The deputies searched his vehicle without consent, exigent circumstances, or a warrant. (*Id*. ¶¶ 21-22, 31). Doe Defendants 1-25 ripped out the upholstery of Plaintiff's vehicle and threw his personal belongings in the road. (*Id*. at ¶¶ 23-24). After Doe Defendants 1-25 completed the search of the vehicle, they released Plaintiff from custody. (*Id*. at ¶ 25).

Plaintiff subsequently brought suit alleging multiple claims under federal and state law. He alleges: (1) a Fourth Amendment violation for an unreasonable seizure of his person, alleged against Doe Defendants 1-25; (2) a Fourth Amendment violation for unreasonable seizure of his automobile, alleged against Doe Defendants 1-25; (3) a violation of 42 U.S.C. § 1983 for excessive use of force, alleged against Doe Defendants 1-25; (4) a Fourth Amendment violation for unreasonable search and seizure of a person, alleged against Doe Defendants 1-25; (5) a *Monell* claim for failure to train and supervise, alleged against Doe Defendants 26-50 and the County; (6) a *Monell* claim against Doe Defendants 26-50 and the County, alleging that the unconstitutional acts of Doe Defendants 1-25 were (i) caused by inadequate training and supervision and/or deliberate indifference of the County and Doe Defendants 26-50, (ii) pursuant to County custom or policy, and/or (iii) ratified by a final decision maker of the County; (7) false

[1] The Court is not making any findings of fact, but rather, summarizing the relevant allegations of the complaint for the purposes of evaluating Defendant's Motion to Dismiss.

arrest and false imprisonment, alleged against all Defendants; (8)[2] battery, alleged against the County and Doe Defendants 1-25; (9) assault, alleged against the County and Doe Defendants 1-25; (10) negligence, alleged against all Defendants; (11) intentional infliction of emotional distress, alleged against all Defendants; (12) violation of California Civil Code § 52.1, alleged against all Defendants; and (13) conversion and/or trespass to chattels, alleged against Doe Defendants 1-25.

Plaintiff has not named or served the Doe Defendants. Defendant County of San Diego now moves to dismiss the claims alleged against it.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

The County moves to dismiss Plaintiff's claims on two grounds: first, Plaintiff fails to allege sufficient facts to support municipal liability, and second, Plaintiff's claims

[2] There is no eighth claim for relief listed in the complaint. The Court has listed the claims in the order they appear in the complaint, not as they are numbered in the complaint.

based on state law must fail as a matter of law because counties and municipal entities cannot be sued directly. Plaintiff responds that he does not sue the County directly for the state law claims, but under a theory of vicarious liability pursuant to California Government Code § 815.2. The Court reviews each argument in turn.

A. Claims Five and Six Based on *Monell* Liability

A plaintiff may bring a suit for deprivation of federal rights against any person acting under color of state law. 42 U.S.C. § 1983. Municipalities and other local government units are among those persons to whom § 1983 applies. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978). Municipal liability can be established two ways: through an express municipal policy or through a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law. *City of Saint Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). The alleged action must amount to more than a bare allegation of the existence of such policies or practices. *White v. Cnty. of San Diego*, No. 13-cv-1166, 2013 WL 12080218, at *3 (S.D. Cal. Aug. 14, 2013) (dismissing *Monell* claim where plaintiff recited conclusory allegations of County customs and practices).

Plaintiff alleges the County was acting pursuant to "the customs, policies, usages and practices" of the San Diego County Sheriff's office. (Compl. ¶¶ 62-65). Plaintiff additionally alleges that the County's "training policies" are inadequate and that the County and Doe Defendants 26-50 have failed to properly train their employees. (*Id.* ¶ 45, 51). Finally, Plaintiff alleges that a County "final policymaker" ratified the individual deputies' acts. (*Id.* ¶ 62).

The only facts alleged in the complaint are those pertaining to the single incident between Plaintiff and Doe Defendants 1-25 on Highway 78. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of*

*Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). But no specific policy or policy maker is alleged in the complaint. Additionally, no similar incidents of Sheriff's deputy conduct are alleged to support the existence of a "custom or practice," and no facts are alleged to support a ratification claim. For this reason, Defendant's Motion to Dismiss claims five and six is **GRANTED**. Plaintiff is given leave to amend his complaint to cure factual insufficiency.

B. The County's Liability for the State Law Claims

The County moves to dismiss the state law claims to the extent Plaintiff seeks to hold the County directly liable. Under California law, a "public entity is not liable for an injury," "[e]xcept as otherwise provided by statute." Cal. Gov't Code § 815; *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012) ("California public entities are not subject to common law tort liability; all liability must be pursuant to statute."). Thus, to hold a public entity directly liable, a plaintiff must identify a statute that authorizes the direct claims.

Here, Plaintiff fails to allege any statutory authority to support claims for direct liability against the County. Thus, the County's Motion to Dismiss the state law claims on a theory of direct liability is **GRANTED.** Because Plaintiff concedes that he is not pursuing direct claims, but rather is pursuing claims of vicarious liability,[3] the Court denies leave to amend the complaint to plead direct liability.

/ / /

/ / /

[3] California Government Code § 815.2 makes a public entity vicariously liable "for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." § 815.2. The County does not challenge the state law claims to the extent they are based on vicarious liability. The state law claims survive to the extent they plead vicarious liability.

## V. CONCLUSION

Defendant County's motion to dismiss is **GRANTED**. As explained above, the Court grants Plaintiff 21 days leave to amend his complaint.

**IT IS SO ORDERED.**

Dated: June 20, 2017

Hon. Roger T. Benitez
United States District Judge